CASE 59—ACTION FOR DAMAGES—OCTOBER 7.

## Louisville & Nashville R. R. Co. v. Foard.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

1. ACTION FOR DAMAGES—SUFFICIENCY OF PETITION.—In an action for damages against a railroad company by a brakeman for alleged negligence in the operation of the engine whereby he was run over and seriously injured, it is not necessary that the petition should state that the perilous position of the plain-

Louisville & Nashville R. R. Co. v. Foard.

tiff was discovered in time by the exercise of reasonable care to have avoided the injury or that it was the duty of the defendant company to have discovered the plaintiff's peril.

2. EXCLUSION FROM THE COURT ROOM OF THE WIFE AND CHILDREN OF THE PLAINTIFF.—It was not error on the part of the trial court to overrule the motion of defendant to have the wife and children of the plaintiff excluded from the court room during the trial.

3. EVIDENCE—NEGLIGENCE OF ATTENDING SURGEON.—It was improper to permit the plaintiff to testify that the attending surgeon who was furnished by the defendant company to treat his injuries was negligent in his treatment of the wounds and that he was rough in his treatment and that by reason of this bad treatment the plaintiff's leg had to be amputated the third time. In the employment by a railroad company of its surgeons to attend the persons injured by its trains, the relation of master and servant and principal and agent does not exist, and if the company is careful and selects suitable surgeons, it is not responsible for their negligence or maltreatment.

4. ACTION FOR DAMAGES—EVIDENCE—OPINIONS BY NON-EXPERT WITNESSES.—The opinion of a witness on any question can only be proven on showing that the witness is by reason of knowledge or experience in the particular line under inquiry capable of giving an opinion on that question. It was error to permit a witness to testify as to the distance within which a train could be stopped when the witness testified that he was not a railroad man.

5. SAME—INSTRUCTIONS.—In the trial of an action by a brakeman against a railroad company for injury received by the negligence of those in charge of the train upon which he was acting as brakeman, it was error to instruct the jury to find for the plaintiff notwithstanding their belief in his contributory negligence if they further believed that the defendant's co-agents, servants and employes could have avoided plaintiff's injury and damage by the observance of ordinary diligence and care. In such a case the plaintiff can not recover in the absence of gross negligence.

6. SAME.—In such an action all reference to willful negligence should be eliminated from the instructions.

JOE McCARROLL AND B. D. WARFIELD FOR APPELLANT. (H. W. BRUCE OF COUNSEL.)

1. The demurrer to the petition should have been sustained because it fails to allege that appellee's perilous position was discovered in time by the exercise of reasonable care to have avoided the injury, or that it was the duty of appellant to have discovered appellee's peril. Shearman & Redfield on Negligence, sec. 25; Little Rock &c. R. Co.v. Pankhurst, 5 Am. & Eng. R. Cases, 635; Wharton on Negligence, secs. 300 and 388 a; St. L., I., M. & S. Ry. Co. v. Freeman, 36 Ark., 41; s. c. 4 Am. & Eng. Ry. Cases, 608; Brand v. S. & T. R. R. Co., 8 Barb., 368; Johnson v. Boston & M. R. R. Co., 125 Mass., 75; Morrissey v. Eastern R. R. Co., 126 Mass, 377; Evansville & C. R. R. Co., v. Hiatt, 17 Ind., 102; Isabel v. H. & St. J. R. R. Co., 60 Mo., 475; Johnson's Admr. v. L. & N. R. R. Co., 91 Ky., 651; P. & M. R. R. Co. v. Hoehl, 12 Bush, 41; L. & N. R. R. Co. v. McCoy, 81 Ky., 403; L. & N. R. R. Co. v. Jones, 11 Ky. Law Rep., 331; N. N. & M. V. Co. v. Boles, 13 Ky. Law Rep., 208, and 15 Ky. Law Rep., 447; Favre v. L. & N. R. R. Co., 91 Ky., 541; I. C. Ry. Co. v. Dick, 91 Ky., 434; L. & N. R. R. Co. v. Cox, 8 Ky. Law Rep., 961; C. N. O. & T. P. Ry. Co. v. Palmer, 13 Ky. Law Rep., 783.

2. The trial court erred in not excluding appellee's wife and children from the court room. P. R. Co. v. Roy, 102 U. S., 451; Patterson on Railway Accident Law, sec. 372; Thompson on Negligence, vol. 2, page 1263; 2 Rorer on Railroads, 1099; 1 Sedgwick on the Measure of Damages, 641, note; Shaw v. Boston R. R. Co., 8 Gray, 45; Pittsburg Ry. Co. v. Powers, 74 Ill., 343; City of Chicago v. O'Brennan, 65 Ill., 163; Stevens v. Hannibal, &c., R. R. Co.. 9 S. W. Rep., 591; Beems v. Chicago, &c., R. R. Co., 26 Ia., 363; Standard Oil Co. v. Tierney, 92 Ky., 367.

3. A railroad company and its physician do not bear to each other the relation of master and servant, and the former is not liable for the unskillfulness and method of treatment of the latter. Quinn v. Railroad, 94 Tenn. (10 Pick.), 718; Union Pac. R. R. Co. v. Artist, 60 Fed. Rep., 365; South Florida Ry. Co. v. Price, 13 Southern Rep., 638; Lautheim v. Netherland Stmp. Co., 13 N. E. Rep., 781; s. c. 107 N. Y., 228; O'Brien v. Cunard, 28 N. E. Rep., 266; Secord v. Railway Co., 18 Fed. Rep., 221; McDonald v. Mass. Gen. Hospital, 120 Mass., 432; Richardson v. Carbon Hill Co., 20 L. R. A., 338.

4. The peremptory instruction asked for by appellant at the close

Louisville & Nashville R. R. Co. v. Foard.

of the whole case was proper and should have been given. McPherson v. Hickmans, 1 Mon., 170; United Society of Shakers v. Underwood, etc., 11 Bush, 265; Chiles v. Booth, &c., 3 Dana, 566; Nance's Admr. v. Newport News & Mississippi Valley Co., 13 Ky. Law Rep., 554; Wadlington v. N. N. & M. V. Co., 14 Ky. Law Rep., 559; 11 Am. & Eng. Enc. of Law, pp. 243-4-5-6, and authorities cited, and notes.

5. The appellee can not recover unless gross negligence on the part of the person handling the engine is established. Volz v. C. & O. R. R. Co., 95 Ky., 188; L. & N. R. R. Co. v. Brantley's Admr., 96 Ky., 297.

6. The injury to plaintiff was one of the ordinary risks of the service in which he was engaged and which risk he took upon himself. Volz. v. C. & O. R. R. Co., 95 Ky., 188.

7. The law does not allow presumptions of fact from presumptions. Douglass v. Mitchell's Exrs., 11 Casey, 443.

JOHN FELAND & SON FOR APPELLEE.

1. It was *per se* negligence on the part of the engineer to leave the fireman in charge of the engine under circumstances existing at the time of the accident.

2. If there is a conflict in the testimony, it is the exclusive province of the jury to decide the question, and the rule of law is thoroughly established that in such cases the court will not interfere unless the preponderance against the conclusion of the jury is so overwhelming as to indicate prejudice or passion on their part. Mutual Life Ins. Co. v. Thomson, 94 Ky., 253.

3. The verdict was not excessive. Louisville & Nashville R. R. Co. v. Moore, 83 Ky., 675; Louisville & Nashville R. R. Co. v. Mitchell, 87 Ky., 327.

4. The plaintiff's evidence detailing to the jury the manner of treating the injured leg by the physician in charge was competent as tending to show the amount of the injury.

5. The opinion of Robertson as to the distance within which the train could have been stopped was competent. He was not a regular engine driver or railroad man, but he was a civil engineer, was used to railroads, and went upon and examined the ground and it was not improper for him to express an opinion on this point.

Louisville & Nashville R. R. Co. v. Foard.

WM. S. PRYOR ALSO FOR APPELLEE.

The only question involved in this case is whether the defendant was guilty of gross negligence and whether that negligence resulted in the accident to the plaintiff. This simple question of fact was presented to the jury and having been found in favor of the plaintiff, that verdict will not be disturbed.

W. G. BULLITT ALSO FOR APPELLEE.

1. The evidence amply sustains the verdict of the jury.
2. The error, if any was committed, in rejecting instructions offered by the defendant was compensated by the instructions given at its instance.
3. It was the intention of the constitutional convention (sec. 54), to commit to the juries the exclusive authority to determine the amount of damages to be paid in this class of cases.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

The appellee, Robert B. Foard, brought this action in the Christian Circuit Court against appellant for damages for personal injuries suffered by appellee by being run over by an engine on appellant's road. The petition alleges that appellee was in the employ of appellant as a brakeman on a freight train, and while so employed, in the discharge of his duties as brakeman, it became necessary for him to throw a switch to permit his train to go upon a side track at Sebree, Ky.; that at the time of the accident the engineer of the engine was not on the engine, but that the fireman had charge of, and was operating, the engine; that, at the suggestion of the fireman, the appellee climbed over the engine from the cab to the pilot, and stood on the pilot, and rode down near to the switch, when, as he alleges, suddenly and without warning, and negligently, the air brakes were put on the train, which caused a sudden check of the train, so much so that he was thrown forward and off the engine, and onto the track in front of the engine; that then the air brakes were suddenly released,

and the engine moved forward, and upon and over him, injuring his foot and leg, necessitating amputation. Appellant, by answer, denied the negligence complained of, or at all, and pleaded contributory negligence of appellee. The contributory negligence was denied by reply, and, issue thus being joined, trial was had, which resulted in a verdict and judgment for appellee for $9,000 in damages. Appellant's reasons and motion for new trial having been overruled, it appeals.

The reasons assigned by appellant in its motion for a new trial are: Error of the court in overruling a demurrer to the petition; in refusing to give instructions asked by appellee; in giving instructions to the jury; in refusing to exclude the wife and children from the court room during the trial; in admitting improper evidence; and that the verdict is excessive, and flagrantly against the evidence, and contrary to law. To the action of the court on all the matters assigned as error in the reasons for new trial proper exceptions appear in the record.

Counsel for appellant do not argue the action of the court in overruling the demurrer to the petition, and that might be considered as waived. However, we are of opinion that the demurrer was properly overruled. The petition states a cause of action.

Appellant's counsel urges upon this court that the action of the lower court in refusing to exclude from the court room the wife and children of appellee is error, and that for this error a reversal is asked. In our opinion, this was not error. We know of no law that would authorize a court to exclude any spectator from the court room during the trial except for some cause, or, in certain cases, small children, as provided by law. Every citizen, whether accused of an offense or engaged in a civil action,

is entitled to a public trial of his case. Witnesses may be excluded for a well-known reason, and small children may by statute be excluded in certain cases, on account of the effect on their morals, but there is no law that authorizes a court to exclude the friends or family of any litigant from the court room, except it be to preserve order or to avoid serious danger reasonably apprehended. It is not pretended that the wife and children in any way disturbed the court or were guilty of any misconduct, nor was any legal reason assigned why they should be excluded.

It is insisted that the court erred in permitting appellee to prove by himself that the attending physician and surgeon, who was furnished by the appellant to treat his injuries, was negligent in his treatment of the wounds, and that he was rough in his treatment of him, witness going into detail, and that by reason of this bad treatment his leg had to be amputated the third time. We are of opinion that the admission of this testimony was improper. The appellant was in no way responsible for the acts of the physician, or for his neglect of the appellee, unless it be shown that appellant was careless and negligent in his selection and that he was incompetent. In the employment by a railroad company of its surgeons to attend the persons injured by its trains, the relation of master and servant and principal and agent does not exist; and if the railroad company is careful, and selects suitable surgeons, it is not responsible for their neglect or malpractice. There is no pretense that appellant was careless or negligent in the selection of this physician and surgeon, or that he was in any way incompetent. The court should not have permitted appellee to prove the misconduct, neglect, or maltreatment of the physician. In support of this doctrine, see Quinn v. Railroad Co., 94

Tenn., 718 [30 S. W., 1036]; Union Pac. R. R. v. Artist [9 C. C. A. 14], 60 Fed., 365; Laubheim v. Netherland Steamship Co., 107 N. Y., 228, 13 N. E., 781; McDonald v. Mass. General Hospital, 120 Mass., 432.

Appellant complains of the action of the court in permitting appellee to prove by witness Robinson that the train that ran over appellee could have been stopped before it ran onto appellee, without the necessary showing that he was versed in handling an engine or was otherwise qualified as an expert. This witness was asked, on a hypothetical case, if in his opinion a train could be stopped within a certain distance. His answer is: "Well, yes; it looks to me like it might, while I am no railroad man, but I understand they can stop a train in a shorter distance than that." We are of opinion that this was improper. This witness expressly stated that he was no railroad man, but he understood (how or from what source he does not say) that it could be stopped in a shorter distance. As this was a material issue in the case, it was such error as will require a reversal. The opinion of a witness on any question could only be proven on a showing that the witness was, by reason of knowledge or experience in that line of business, capable of giving an opinion on that question. Witness here not only fails to show himself to be qualified, but he affirmatively shows himself not qualified, and gives his information on the subject derived from others. The evil of the answer admitted is more than the answer itself shows, on account of the form of the question. The question reads: "Now, professor, you are a man of a good deal of experience and good education, and you say that your measurements are right. Now, I want to ask you if it is your opinion whether or not a train going at the speed of from four to five miles an hour, with a

train of five cars, all empty but one, it could have been stopped within a space of fifteen feet."

We are of opinion that the court did not err in refusing to give instruction A, asked for by appellant, it being peremptory to find for appellant. We are of opinion that there was sufficient evidence to authorize the court to submit the case to the jury.

Appellant also asked and the court refused to give instruction B. This, in our opinion, was not error.

Instruction C, asked for by appellant and refused by the court, was, in force and effect, given by the court in other instructions, and the refusal to give instruction C was not error.

Instruction 3, given by the court, and to which objection was made, and an exception reserved, reads: "The court instructs the jury that, even if they should believe that plaintiff contributed to his injury by his own neglect, yet, if his co-agents, servants, and employes could have avoided plaintiff's injury and damage by the observance of ordinary diligence and care, defendant would be liable, and the jury should so find." We are of opinion that this instruction should not have been given. It permits a recovery for ordinary negligence of appellant's servants, and this is not the law. This error was not corrected by the court in a subsequent instruction, in saying to the jury that in no event could they find for the plaintiff unless they believed from the evidence that the engineer acted with gross and wilful neglect of duty, whereby plaintiff was injured.

As the case will be reversed for another trial, we think it proper to say that, from all the instructions there should be eliminated any reference to willful negligence. Willful negligence existed only by reason of the statute, and applied, as has been repeatedly held, only to cases where

death ensued; and that section of the statute was re-
pealed, and section 6, Ky. Stat., enacted, in which there is
no mention of willful negligence.   It only refers to ordi-
nary and gross negligence and willful act.

In view of another trial, we refrain from a further dis-
cussion of the case, or as to the amount of damages
awarded by the jury on this trial.   For the errors indi-
cated the judgment is reversed, and cause remanded, with
directions to set aside the verdict and judgment, and
award a new trial, and for other proceedings consistent
herewith.