Louisville & N. R. R. Co. v. Harrod.

---

CASE 102—ACTION BY ROBERT HARROD AGAINST LOUISVILLE & N. R. R. Co. FOR PERSONAL INJURIES.—JUNE 10.

# Louisville & N. R. R. Co. v. Harrod.

| 115 | 877 |
| 129 | 803 |

| 115 | 877 |
| f131 | 356 |

| 115 | 877 |
| 138 | 674 |

APPEAL FROM FRANKLIN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   REVERSED.

NEGLIGENCE—INSTRUCTIONS—DUTY OF COURT WHEN ASKED—PREJUDICIAL ERROR.

Held:   1. Where, in an action for injuries sustained by reason of a defective derrick, the evidence for both plaintiff and defendant showed that the derrick was out of repair and defective, and had been in such condition for a long time prior to the injury, errors in the instructions in assuming that defendant had negligently permitted the derrick to remain out of repair were not prejudicial.

2. Under Civil Code Practice, section 317, providing that either party to a civil cause may ask written instructions on points of law,

which shall be given or refused by the court before the commencement of the argument to the jury, where either party in a civil case fails to offer an instruction upon a point of law involved in the case, it is not error in the court to fail to instruct on that point, but if a party offers an instruction upon a point of law involved, which is refused by the court because of defect in form or substance, then it is the duty of the court to prepare, or have prepared, and give a proper instruction on that point.

IRA JULIAN, ATTORNEY FOR APPELLANT.

### POINTS AND AUTHORITIES.

1. The court erred in overruling defendant's demurrer to the petition.

2. The proof showed without any contradiction that plaintiff must have known all about whatever defect there might have been in the derrick complained of, having used it for years, and admitted his thorough familiarity with it under oath on the witness stand, and he is thereby precluded from any recovery in this case. Bogenschutz v. Smith, 84 Ky., 330; Avery v. Meek, 96 Ky., 192.

3. The burden rested on plaintiff to prove that the alleged defect in the derrick was the cause of the injury, and the proof does not show that the injury *was caused by any defect in the derrick.* This is fatal. Avery v. Meek, 96 Ky., 192.

4. The evidence shows the injury was caused by plaintiff's own carelessness, and the verdict is against the evidence.

5. The court refused to give any instruction as to the plea of contributory negligence, although expressly asked for by defendant, and the jury were thereby misled to the prejudice of defendant. Avery v. Meek, 96 Ky., 192; Swope v. Schafer, 9 R., 160; R. R. Co. v. Davidson, 12 R., 142.

EDWARD W. HINES, ATTORNEY FOR APPELLANT.

### POINTS AND CITATIONS.

1. The court erred in refusing to instruct the jury that they could not find for defendant unless they believed the derrick was dangerous to a person using it with ordinary care.

2. The court also erred in refusing the instruction asked by defendant submitting the question whether the defect, if any, was the proximate cause of the injury. The defendant is always entitled to have his theory of the case presented by the instructions. I. C. R. Co. v. Jackson's Admr., 23 R.. 1405.

3. Instruction No. 2 given by the court was erroneous in failing to give any measure of damages, and also in telling the jury that they might award such damages as it is reasonably

Louisville & N. R. R. Co. v. Harrod.

certain plaintiff will suffer in future, there being no evidence
tending to show a permanent injury. Louisville Southern Ry.
Co. v. Minogue, 90 Ky., 369.

4. It was error to instruct the jury that plaintiff assumed the
risk only in the event the condition of the derrick was patent.
Bogenschutz v. Smith, 84 Ky., 338; Mellott v. L. & N. R. Co.,
19 Rep., 379.

5. The instructions given were contradictory and inconsistent,
and for that reason, if no other, there should be a reversal.
Tate v. Parrish, 7 Minn., 325; Eisfelder v. Klein, 5 Rep., 138;
Finch v. Shackelford, 7 Rep., 605; Ky. Cent. Ry. Co. v. Martin,
12 Rep., 717.

6. There being a total failure on the part of plaintiff to show
that any defect there may have been in the derrick, had anything
to do with plaintiff's injury, and it also affirmatively appear-
ing that plaintiff's opportunity to know of whatever defect there
may have been was equal, if not superior, to that of any other
person, defendant was entitled to a peremptory instruction. Mel-
lott v. L. & N. R. R. Co., 19 R., 379; Mid River Coal Co. v.
Williams, 15 R., 847.

J. A. SCOTT and W. C. MARSHALL, ATTORNEYS FOR APPELLEE.

(No brief in the record for appellee.)

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

The appellee filed this action in the Franklin Circuit
Court, among other things alleging, in substance, that while
he was engaged in delivering a load of tobacco to the ap-
pellant, a common carrier for hire, at its depot in Frank-
fort, Ky., and while lifting the hogshead from the wagon
by means of a derrick, he was struck upon the face and
chin with the handle thereof, which cut through his lower
lip and chin, knocked out several of his teeth, cut his
tongue, greatly disfiguring him, destroying his speech, and
otherwise permanently injuring him, and that his injuries
were the result of the defective, unsafe and dangerous con-
dition of the derrick, which was known to appellant, or
could have been known to it by the exercise of ordinary
care, in time to have prevented the injury, but was un-
known to appellee, and could not have been known to him

by the exercise of ordinary care. The appellant, by its
answer, traversed the allegations of the petition and al-
leged that appellee's injuries were received as the result
of his own contributory negligence. This affirmative mat-
ter was traversed by the appellee. A trial was had, which
resulted in a verdict and judgment in favor of appellee
for the sum of $1,000. The appellant's motion for a new
trial was overruled by the court, and the case is here on
appeal.

The only grounds urged for a reversal are alleged erron-
eous instructions given by the court and the failure by the
court to give the instruction offered by it on contributory
negligence.

The appellant contends that the instructions given by
the court might well have been construed by the jury as
assuming that appellant had negligently permitted the der-
rick to be and remain out of repair. Even if the conten-
tion of appellant is correct, it was not an error prejudicial
to the appellant, for the reason that the evidence both for
appellant and for appellee showed that the derrick was out
of repair and defective at the time of the injury, and had
been in such condition for a long period of time prior
thereto.

The evidence of appellee was that he was using the der-
rick in unloading his hogshead of tobacco, at the time of
his injury, in a careful and prudent manner; that by means
of the derrick he had raised the hogshead from the wagon,
had turned it preparatory to lowering it to appellant's
platform, and commenced lowering it. The chain, or some-
thing about it, caught for an instant, and then suddenly
gave way, and the hogshead went down with such force
as to jerk the handle out of his hand and hit him in the
face and injure him as stated.

The appellant introduced one or more witnesses who stated that, some time after the appellee's injuries were received, the appellee, in relating how he received his injuries, stated that he was lowering the hogshead, and he thought it had reached the platform when it had not, and he turned the handle loose, and then it hit him in the face. The appellee denied this, and said he did not make such statements, nor did he receive his injuries under such circumstances.

The court did not give any instruction on contributory negligence on the part of appellee. The appellant offered one, which the court properly refused, because, as drawn, it did not contain the law of contributory negligence. The court should, however, have given an instruction on contributory negligence; and, under the evidence, it was error prejudicial to the appellant in failing to do so. That part of section 317 of the Civil Code of Practice which is applicable to the question before us reads as follows: "Either party may ask written instructions to the jury on points of law, which shall be given or refused by the court before the commencement of the argument to the jury." It appears from this record that the court, on its own motion, gave such instructions as were given to the jury. According to the opinion of this court in the case of Clark v. Baker, 7 J. J. Marsh., 197 (giving it a strict construction), the lower court did not err in failing to give an instruction on contributory negligence after it had refused the improper one offered by appellant. But it appears from later decisions of this court that the opinion in the case supra has been to some extent modified. See the case of Swope v. Schafer, 9 R., 160, 4 S. W., 300. In that case counsel for appellants contended, as the lower court assumed the province

of instructing the jury unasked, it should have given the whole law of the case, suited to every state of fact upon which the jury might have properly found a verdict for either party. The court, in discussing this question, said: "This rule has never been applied to the trial of civil cases to the extent stated by counsel. For though the court may, in such case, instruct the jury without being moved so to do, it is not bound to instruct. Clark v. Baker, 7 J. J. Marsh., 197. Nevertheless it seems to us that if the court does, on its own motion, instruct in a civil case, it should not direct the jury unconditionally to find against a party upon a given hypothesis, when there may be another alike supported by the evidence, but withheld from the consideration of the jury, upon which they might find in favor of such party." The rule upon this question now is that, where a party in a civil case fails to offer an instruction upon a point of law involved in the case, it is not error in the court to fail to instruct on that point; but if a party offers an instruction upon some point of law involved, which is refused by the court because of defect in form or substance, then it is the duty of the court to prepare, or have prepared, and give, a proper instruction on that point.

For these reasons, the case is reversed, and the cause remanded to the lower court for further proceedings consistent herewith.