CASE 94.—PERSONAL INJURY ACTION BY JESSE THOMAS
AGAINST THE SWANN-DAY LUMBER COMPANY.—
October 16.

# Swann-Day Lumber Co. v. Thomas

Appeal from Lee Circuit Court.

ROBERT RIDDELL, Circuit Judge.

Judgment for plaintiff. Defendant appeals.—Affirmed.

1. Trial—Refusal to Give Instructions—Failure to Request—
Effect.—It is not reversible error to fail to instruct on a point,
where no instruction is requested.

2. Master and Servant—Fellow Servants—Who are.—An employe,
engaged on the first floor of a sawmill in oiling and caring for
the machinery and an employe on the second floor charged
with the duty of looking after the logs and removing the
staves, are not fellow servants, neither having an opportunity
to observe the other in the performance of his duty, or to
assist or direct him in the discharge thereof.

3. Same—Assumption of Risk—Negligence of Fellow Servant.—
An employe, engaged on the first floor of a sawmill in oiling
and caring for the machinery, was injured while in discharge
of his duty, and while just outside of the door of the mill,
and on a passway by being struck by a stave thrown from a
second story window by a co-employe. The employe knew
that staves were not thrown out on the passway, and he had
no reason to expect that any would be thrown thereon. It
was gross carelessness for the co-employe to throw the stave
onto the passway, for he had reason to know that employes
were liable to use it. Held, that the employe did not assume
the risk.

4. Same—Contributory Negligence.—Where two courses are open
to an employe in the discharge of his duty, and each is at-
tended, under normal conditions, with practically the same

degree of safety, it is not negligence for him to take one course rather than the other.

5. Same.—Where an employe, engaged on the first floor of a sawmill in caring for the machinery, could observe a part of the machinery by looking out of a side window, and he could observe it more satisfactorily by going out on a passway, and the passway was, under normal conditions, safe, the employe was not guilty of contributory negligence in going on the passway, where he was struck by a stave negligently thrown from a window above him.

6. Same—Trial — Instructions—Evidence — Applicability.— Where the injury to an employe resulted solely from the negligence of a co-employe, an instruction that the employe might presume that the place where his duty called him was reasonably safe was not prejudicial to the employer.

7. Same.—An instruction, in an action for injuries to an employe struck by a stave thrown from an upper window by a co-employe, which requires the jury to find, to render a verdict for the employe, that the stave was thrown from the upper floor by an employe under the direction of the employer, and that it was the result of careless, wanton, or wilful negligence, was not prejudicial to the employer, but to the employe.

8. Same.—The use of the words "or any," in an instruction in an action for injuries to an employe that the jury should find for the employe if his injury "was the direct or any result of an order of" the employer, was not prejudicial to the employer.

9. Appeal and Error—Erroneous Instructions—Prejudicial Error. —A judgment will not be reversed for errors in the instructions, unless they are prejudicial to the substantial rights of the party complaining.

10. Same.—Where, in an action for injuries to an employe, the instructions fairly presented the issues, and were more favorable to the employer than to the employe, a recovery will not be disturbed because of an error in the use of the word "wilful" in an instruction authorizing a recovery, if the injuries were the result of careless, wanton, or wilful negligence.

GREEN & VANWINKLE for appellant.

POINTS AND AUTHORITIES.

1. The giving of instruction marked No. 3 was erroneous because

(a) Based upon no issue presented by the pleading. (Ray v. Sellers, 62 Ky., (1 Duv.) 254; Farmers' Bank v. Wilkerson, 1 Ky. Law Rep., 351; L. & N. v. Brussells, 66 S. W., 22, 23 Ky. Law Rep., 489.)

(b) This instruction does not correctly state the duty of the master to furnish reasonably safe premises for his servants. (Big Hill Coal Co. v. Abney's Admr., 101 S. W., 394; L. & N. v. Mattingly, 36 S. W., 686, 18 Ky. Law Rep., 823; Adams Express Co. v. Smith, 72 S. W., 752.)

(c) This instruction does not require a jury to find that the injury resulted from the failure to furnish reasonably safe premises. (Avery and Sons v. Meek, 28 S. W., 237, 16 Ky. Law Rep., 384.)

2. Instruction marked No. 1 and given by the court is erroneous.

(n) It submits issues to the jury which are supported by no evidence whatever. (L. & N. Joshlin, opinion May, 1908.)

(b) This instruction improperly submits to the jury and allows them to find appellant guilty of wilful negligence. (L. & N. v. Foard, 104 Ky., 456, 47 S. W., 342; L. & N. v. Long, 94 Ky., 410, 22 S. W., 747.)

(c) This instruction does not properly define to the jury the measure of damages by which they should be controlled. (L. & N. v. Farris, 100 S. W., 870; L. & N. v. Mason, 72 S. W., 27.)

3. The facts presented by this record show appellee and Coomer to have been fellow servants and appellant is not liable for the injury sustained by appellee. (Dana & Co. v. Blackburn, 90 S. W., 237; Martin v. Mason-Hoge Co., 91 S. W., 1146; Fort Hill Stone Co. v. Orm's Admr., 84 Ky., 183.)

McQUOWN & BECKHAM for appellee.

J. K. ROBERTS of counsel.

SUGGESTIONS FOR APPELLEE.

1. The rule as to assumed risks is that if the master by the exercise of ordinary care and caution could have prevented the injury he is liable. (Doyle v. Swift, &c., 5 Ky. Law Rep., 59.)

2. If the fellow servant is guilty of gross negligence, and the ordinary care of the injured servant could not avert the injury, the master is liable. (L. & N. R. R. Co. v. Filburn, 6 Bush, 574.)

3. It was gross negligence in Coomer to throw the stave on the passway, and the ordinary care of the appellee would not have prevented the injury.

4. In Angel v. East, Jellico Coal & Mines Co., 25 Ky. Law Rep.,

vol. 129—51

108, it was held that a servant, whose duty is was to keep the fire in the furnace, did not assume the risk from dynamite being placed near the fire by a co-servant in a different department over whom he had no control.

5. But the rule has been so clearly laid down in other cases that it is useless to discuss it further, for it has been repeatedly held by this court that the servant does not assume the risk of injury from the gross negligence of a co-servant. (L. & N. R. R. Co. v. Brantley's Admr., 96 Ky., 297; C. N. O. & T. P. R. R. Co. v. Palmer, 98 Ky., 382.)

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Appellee, Jesse Thomas, was employed by the appellant company as a laborer in its sawmill at Beattyville, Ky. His duties were to oil and look after the machinery, which included not only the machinery used in the mill building proper, but also the chains and other appliances which were used in drawing the logs from the water up into the mill. On the 9th of August, 1905, when just outside of the door of the mill, where he had gone to look after certain machinery, appellee was struck on the head by a stave thrown from a second-story window of the mill. His skull was fractured, and a portion of it had to be removed. Paralysis of the legs resulted from the injury, and he was shown to be, not only seriously, but permanently, injured. The stave which struck appellee upon the head was thrown from the second-story window by an employe named Coomer, whose special duty was two-fold: To "bug" the logs, and to throw the staves from a second-story window out upon a pile in the millyard. The particular stave which struck appellee was not thrown upon the stave pile, but out of a front window onto a drive or roadway, which was used for the teams and mill hands in

going around the millyard. In the lower court appellant sought to avoid liability by showing that appellee's duty as an employe at the mill did not require him to be where he was at the time he was injured.

The first ground relied upon for reversal is that the court erred in failing to instruct the jury on the law of fellow servants, and risks assumed by the injured employe. No instruction was asked upon either of these subjects, and hence, under the well-settled rule, the failure of the court to so instruct is not a reversible error. Galbraith v. Starks, 117 Ky. 915, 25 Ky. Law Rep. 2092, 79 S. W. 1191, and L. & N. R. R. Co. v. Harrod, 115 Ky. 877, 25 Ky. Law Rep. 250, 75 S. W. 233. Aside from this, however, there is nothing in the record from which it might be fairly inferred that Coomer and appellee were in the same grade of employment, or fellow servants. One of them was engaged upon the lower floor in oiling and caring for the machinery, while the duties of the other kept him upon the second floor, where he looked after the logs and removed the staves. Their field of labor was entirely separate and distinct; the one had no opportunity to observe the other in the performance of his duty, or to advise, assist or direct him in the discharge of same. Neither had any opportunity of knowing with what degree of care and skill the other was discharging the duties assigned him. The most that the record shows is that they were working for a common master, but the work of each was independent of the other, and in separate and distinct departments of the mill. They were co-servants, but not fellow servants.

In the case of L., C. & L. R. R. Co. v. Cavens, 9 Bush 559, an employe of the railroad on one train was injured by the negligence of another employe of

the same rank on another train, yet it was there held
that a recovery could be had because the situation of
the parties was such as to preclude the idea that the
injured employe had any control over the action or
conduct of the one responsible for his injury, "for,"
said the court, "if Cavens had been on the same train
with Armstrong, and in a condition, by reason of his
equality with him as an employe, to watch over and
provide against his negligence, the reasons then for
refusing to make the company liable would apply;
but when on different trains, and with no opportunity
to exercise this watchful care over each other, the
reason for releasing the company from such responsi-
bility ceases to exist, and in such cases those controll-
ing and directing the movements of one train with
refernce to those upon another and different train
must be regarded as the agents of the company." And
in the case of L. & N. R. R. Co. v. Edmund, 64 S. W.
727, 23 Ky. Law Rep. 1049, it was held that engineers
on separate trains were co-servants, and not fellow
servants, and the rule announced in the Cavens case
was approved. In the case at bar the duties of
Coomer were confined to the second story of the mill
building. Appellee had no opportunity of seeing or
knowing what he was doing, and no chance to control
his action, or advise or assist him in the discharge of
his duties, and while each was the agent of their com-
mon master, neither was the agent of the other. No
instruction on assumed risks was given for the two-
fold reason, first, the facts did not authorize it; and,
second, none was asked for. Appellee was injured
while on the passway in the discharge of his duty.
He knew that staves were not thrown out upon this
passway; he had no reason to expect that any would
be thrown thereon. No ordinary care on his part

could have prevented the injury; while, on the other hand, it was gross carelessness on the part of the employe Coomer to throw the stave out of this window onto the passway, where he had reason to know employes of the company were liable to be passing. In the case of Angel v. Jellico Coal Mining Co., 115 Ky. 728, 74 S. W. 714, 25 Ky. Law Rep. 108, it was held that the man who fired the furnace did not assume the risk from dynamite being placed near the fire by a co-servant, over whose actions he had no control. To the same effect are L. & N. R. R. Co. v. Brantley's Adm'r, 96 Ky. 297, 26 Ky. Law Rep. 691, 28 S. W. 477, 49 Am. St. Rep. 291, and C., N. O. & T. P. R. Co. v. Palmer, 98 Ky. 382, 33 S. W. 199, 17 Ky. Law Rep. 998. When the thus well-settled rule is applied to the facts in this case, it is evident that no instruction on assumed risks should have been given.

Counsel also complains because the court refused to give instructions A and B. These bore upon the question of contributory negligence. There is no evidence upon which to base such an instruction, unless it is to be inferred from the statement that appellee could have observed the condition of the machinery, which was not working all right, by looking through the window at the side. It is true he might have observed the condition of at least a part, if not all, of the chain, which was working improperly, by looking out of the side window. He could likewise observe it as completely, and, perhaps, more satisfactorily, by going in the road or passway, as he did. The latter course was, under normal conditions, neither more hazardous nor more dangerous than the former. In fact, appellee had on the same day gone outside and observed the working of the machinery, on an occasion before that upon which he was struck. His injury

was the result, not of any carelessness for his safety
on his own part, but to the negligent act of his co-
servant in throwing the stave out of the window on
the driveway.   Where two courses are open to one
in the discharge of his duty, and each is attended,
under normal conditions, with practically the same
degree of safety, it can not be charged that it is negli-
gence, in any degree whatever, that the one course is
accepted rather than the other.   Appellee did not go
upon the stave pile, or near it, and had Coomer thrown
this particular stave out of the widow at which he
should have thrown it, it would not have been nearer
than 10 feet to appellee.   Under this state of facts
the court was warranted in refusing to give instruc-
tions A and B, offered by appellant.

Appellant objects to the instructions given by the
court; to instruction 1 because it is faulty in several
particulars, and to instruction 3 because unauthorized,
in that there is no plea of "dangerous premises."
This is true.   There was no plea that the premises
themselves were dangerous; the danger was in the
carelessness of Coomer in throwing the stave out of
the wrong window, and upon the driveway.  It was not
improper for the court to say to the jury that appel-
lee might presume that the place where his duty called
him was reasonably safe, and this is the substance of
the instructions.   The place where appellee was
assigned to work was, perhaps, as safe as any place
could be around a sawmill.   The injury resulted, not
from defective premises or appliances, but from the
negligence and carelessness of one of the employes
of appellant.   The giving of this instruction could not
have misled the jury, and appellant was not preju-
diced thereby.

Instruction No. 1 is subject to criticism, but the

errors complained of were prejudicial, not to the rights of appellant, but to appellee, because in this instruction the jury was required to believe, before it could find for appellee, that the stave was thrown from the upper floor by one of appellant's employes, under the direction or order of defendant, or its agent or manager, and that it was the result of careless, wanton, or willful negligence on the part of the defendant, its agent, or manager in directing this employe to throw the staves from the said window. This instruction is also criticised because the court told the jury that they "should find for plaintiff if his injury was the direct, or any, result of an order of defendant." The criticism to this part of the instruction is based upon the use of the words "or any" before "result." This is highly technical, and we are unable to see wherein appellant was prejudiced by reason of the instructions being given in this form.

Appellant also complains that the word "willful" should not have been used in this instruction, it being urged that the term "willful neglect" is applicable only in cases brought under the statute, where a recovery is had for an injury resulting in death. The contention of appellant in this particular is correct, and, in reversing the cases of L. & N. R. R. Co. v. Long, 94 Ky. 410, 15 Ky. Law Rep. 199, 22 S. W. 747, and L. & N. R. R. Co. v. Foard, 104 Ky. 456, 47 S. W. 342, 20 Ky. Law Rep. 646, the use of the word "willful" in a similar instruction was condemned. But the case should not be reversed for this reason alone. Very few important cases are tried in which minor errors are not committed by the court in the introduction of testimony and the instructions, but in no case should a judgment be reversed because thereof, unless they should be deemed prejudicial to the substantial rights

of appellant. The instructions in this case fairly and fully presented to the jury the issues as raised by the pleadings and the proof, and were more favorable to appellant than to appellee, and the case should not be reversed because of the technical criticisms to which the instructions are subjected.

Appellee was fearfully and permanently injured, and as the finding and verdict of the jury, in the light of the evidence, appears reasonable and just, we are of opinion that the judgment of the lower court should be affirmed, and it is so ordered.

Petition for rehearing by appellant overruled.