## Chesapeake & Ohio Railway Company v. Laney.

(Decided May 23, 1913.)

### Appeal from Lawrence Circuit Court.

1. Master and Servant—Personal Injury—Proximate Cause—Evidence—Peremptory.—Where a servant was injured by a hand car moved by another servant of the master, pursuant to an order of the foreman, the evidence examined and held that the question of whether or not the giving of the order was the proximate cause of plaintiff's injury was for the jury.

2. Master and Servant—Negligence of Superior—When Master Liable.—A servant cannot recover of the master for the negligence of a superior in the same department, unless the negligence be gross.

M. C. KIRK, F. T. D. WALLACE and WORTHINGTON, COCHRAN & BROWNING for appellant.

C. F. SEE, JR., and W. D. O'NEAL, JR. for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In this action for damages for personal injuries, brought by plaintiff, Bob Laney, against the Chesapeake & Ohio Railway Company, plaintiff obtained a verdict and judgment for $200. The railway company appeals.

There is not much contrariety in the evidence. It appears that on August 8, 1911, A. J. Rittenberry was the foreman in charge of a section crew consisting of plaintiff and two other laborers. They were returning from their work on one of the company's hand cars. When they reached Gallop Station, in Lawrence County, Kentucky, they were overtaken by a rainstorm and repaired to a nearby store for shelter. The hand car was left on the track. In a few minutes a freight train was heard approaching, and the four men ran to the hand

car for the purpose of removing it from the track. To assist in this work plaintiff took a position in front of the car and caught hold of the handle of the car. The other two section men, Mac Preese and Joe Chapman, took positions at the rear end of the car and next to the approaching train. Just as plaintiff took hold of the car, Rittenberry, the foreman, came up and directed the men to shove the car down to a crossing a few feet distant. When first seen the train was about a quarter of a mile distant and was rapidly approaching. At the time the order was given the foreman was on the car. Upon the giving of the order, Preese pushed the car forward, and at the same time looked backward over his shoulder at the approaching train. Plaintiff was pushed down on the ties and a projecting bolt on the car struck and injured his leg. The foreman put his foot on the brake and brought this car to an immediate stop. The evidence further shows that plaintiff's position in front of the car was the proper one in order to assist in moving the car from the track. Plaintiff had no opportunity to get off of the track before the car was pushed.

It is first insisted that the trial court erred in refusing to direct a verdict in favor of the defendant on the ground that the negligence of Preese, a fellow servant, was the proximate cause of plaintiff's injury. In this connection it is insisted that the foreman did not contemplate that his order to shove the car to the crossing would be obeyed before giving plaintiff an opportunity to get from in front of the car, and that Preese alone was negligent because he pushed the car while plaintiff was in front of it. The record, however, makes it clear that the whole affair took place in a very brief space of time. The freight train was not far away and was rapidly approaching. The section men were going to move the car from the track at the point where it stood. Had they done so, plaintiff would not have been injured. Had there been plenty of time to shove the car to the crossing a different question would be presented. As it was, an emergency existed. Immediate action was necessary. The order of the foreman necessarily contemplated immediate action. The foreman knew that plaintiff was in front of the car. Without giving plaintiff an opportunity to get out of danger, he gave the order. To escape the approaching train the order had to be quickly obeyed. Under these circumstances we cannot say, as a matter of law, that the giv-

ing of the order was not the proximate cause of plaintiff's injury. The trial court, therefore, did not err in refusing the peremptory instruction asked for by defendant.

It appears, however, that the court's instruction authorized a recovery for ordinary negligence on the part of the foreman. The foreman and the plaintiff were in the same department of labor, but occupied the positions of superior and inferior. We have repeatedly held that in an action, not resulting in death, a servant cannot recover for the negligence of a superior, unless the negligence be gross. Louisville & Nashville Railroad Co. v. Foard, 104 Ky., 456; Chesapeake & Ohio Railway Company v. Marcum, 136 Ky., 245. It follows that the instruction complained of is erroneous.

For the reasons given the judgment is reversed and cause remanded for a new trial. consistent with this opinion.