## Wasioto & Black Mountain Railroad Company v. Hall.

(Decided January 19, 1916.)

### Appeal from Harlan Circuit Court.

1. Master and Servant—Assumption of Risk—Ordinary Risks—Extraordinary Risks.—Though a servant assumes the ordinary risks of his employment, he does not assume the extraordinary risks, or those growing out of the negligence of the master, unless the conditions causing the injury and the danger therefrom are known and appreciated by him, or are so obvious that an ordinarily prudent person, under the circumstances, would have observed and appreciated them.

2. Master and Servant—Assumption of Risk—Question of Law—Peremptory Instruction.—In an action for damages for personal

injuries alleged to have been caused by improper loading of an aligning bar on a hand car, evidence considered and held that it could not be said, as a matter of law, that the improper loading and the danger therefrom were either known to and appreciated by plaintiff, or were so obvious that a person of ordinary prudence, situated as he was, would have observed and appreciated them; and that he, therefore, assumed the risk of injury.

3. Evidence—Sufficiency—Physical Facts—Province of Jury—Directed Verdict.—The credibility of a witness being for the jury, courts are not authorized to reject his testimony and refuse to submit the case to the jury on the ground that the facts stated are highly improbable. It is only where the facts testified to are utterly at variance with well established and universally recognized physical laws and, therefore, inherently impossible, that courts may refuse to submit the case to the jury.

4. Master and Servant—Fellow Servants—Negligence of Superior—Instruction.—In an action for injuries not resulting in death, a servant cannot recover for the negligence of a superior working with him in the same department of labor, unless the negligence be gross; and an instruction authorizing a recovery for the ordinary negligence of the superior is erroneous.

WILLIAM LOW and BENJ. D. WARFIELD for appellant.

BROCK & BROCK for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Reversing.

Alleging that he was struck by an aligning bar, which, through the gross negligence of defendant's foreman, was improperly loaded, on a hand car and thereby injured, plaintiff, Henry Hall, brought this action against defendant, Wasioto & Black Mountain Railroad Company, to recover damages for personal injuries. The trial before a jury resulted in a verdict and judgment in his favor for $4,000.00. The defendant appeals.

The first ground urged for a reversal is the failure of the trial court to give a peremptory instruction in favor of defendant. The determination of this question requires a short statement of the evidence. According to the evidence for plaintiff, he was a section hand in defendant's employ. On the occasion of his injury he mounted a hand car just as it began to move. He took a position on the front end of the car and began to operate the lever with his face to the rear. After proceeding about a mile the aligning bar slipped from the

car and struck a tie. One end of the bar struck plaintiff in the breast and threw him from the car. It was customary to place the aligning bars, which were about five feet in length, flat on the car, and it was the duty of the foreman to see that the cars were properly loaded. On the occasion in question a number of overall coats and rain coats were piled up on the car about eighteen inches high. One end of the aligning bar which struck plaintiff was set on these coats, thereby elevating the bar at that end and causing it to slide. Though plaintiff says that he could have seen the bar if he had looked, he claims that he did not look because his mind was on the operation of the car. On cross-examination it developed that one end of the bar was near his feet, and if he had used his eyes he could have seen the bar. Plaintiff further states that the foreman was standing right over the bar and, not being engaged in other work, there was nothing to prevent him from seeing it. John Tie states that he helped load the car. The proper way to load the aligning bars was to place them lengthwise of the car on each side. On the occasion of the injury two aligning bars were placed on the car. One of them was crooked, and this is the one he loaded by placing it lengthwise of the car on the bottom. He could not say whether the other one was crooked or not. Just after the accident the crooked bar was lying on the railroad track. In his opinion, this was the bar he loaded, though he could not be certain in regard to that fact. At the time of the accident there were six men on the car. He did not see anything that could have knocked plaintiff off; was facing plaintiff and when plaintiff fell the car struck his left side first. On cross-examination he stated that he never saw any aligning bar lying on top of any coats. The bar that he loaded was placed on the left side and that was the side plaintiff was standing on. For the company, the foreman, R. J. Carmony, testified that he was present when the aligning bars were loaded and they were placed in the usual position. He did not see any bar on the coats. Just before plaintiff fell he noticed plaintiff stooping over and he then fell off the car. At the time plaintiff had hold of the handle bar with one hand. After the accident the bent aligning bar was found near the track. He did not see the aligning bar slip and strike plaintiff. Mack Slusher testified that the car was loaded in the usual way. He never saw any

aligning bar loaded on the top of any coats.  He was pulling on the same lever that plaintiff was working on and was facing plaintiff.  He never saw any aligning bar fall off and strike plaintiff.  After the accident he saw a crooked aligning bar lying on the track.  Troy Wallace was present and remembered the accident.  The tools on the car were properly loaded.  The crooked aligning bar got around on the top of the tools because of its being crooked.  At the time of the accident he had his face to the front.  He never saw the aligning bar slide off the car.  On cross-examination he stated that he did not know whether the crooked aligning bar was on top of any coats or not.  Kener Madden testified that the first thing he knew of the accident he saw plaintiff fall and an aligning bar fell with him.  He noticed the aligning bar just before the accident.  It had worked a little over to the front end.  He saw plaintiff trying to move the bar with his foot.  About that time plaintiff fell.  Witness also stated that he saw the aligning bar sticking over and was about to call the foreman's attention to it.

(1) While a servant assumes the risks ordinarily incident to his employment, he does not assume the extraordinary risks, or those growing out of the negligence of the master, unless the conditions causing the accident and the danger therefrom are known and appreciated by him, or are so obvious that an ordinarily prudent person, under the circumstances, would have observed and appreciated them.  C. & O. Ry. Co. v. DeAtley, 159 Ky., 687; Seaboard Air Line Ry. v. Horton, 233 U. S., 492, 58 L. Ed., 1062; Consolidation Coal Co. v. Moore, 166 Ky., 48; Stearns Coal & Lumber Co. v. Calhoun, 166 Ky., 607.  Plaintiff's evidence shows that it was the duty of the defendant, through its foreman, to see that the hand car was properly loaded.  Therefore, if the car was improperly loaded the risk, in this instance, was not one ordinarily incident to the service in which plaintiff was engaged, but one growing out of the negligence of the master, and unless plaintiff knew that the car was improperly loaded and appreciated the danger therefrom, or the improper loading and the danger therefrom was so obvious that an ordinarily prudent person, under the circumstances, would have observed and appreciated them plaintiff did not assume the risk. Applying these principles to the facts, we find that plaintiff did not assist in loading the hand car.  On the con-

trary, he got on the car just as it was moving. He immediately began to assist in its operation. While it is doubtless true that he could have seen the aligning bar if his attention had been directed to the matter, yet he says that because he was engaged in operating the lever his mind was fixed on that, and he did not observe the improper position of the aligning bar until he saw it slide towards him and it was then too late to escape injury. Considering his testimony in the light of the fact that he was not charged with the duty of inspection and was not required to anticipate the improper loading of the car, and of the further fact that he was engaged in operating the car and his attention was fixed thereon, we cannot say, as a matter of law, that the improper position of the aligning bar and the danger therefrom were either known and appreciated by the plaintiff or were so obvious that an ordinarily prudent person, situated as he was, would have observed and appreciated them; and that, therefore, he assumed the risk of injury. Nor is the rule laid down in L. & N. R. R. Co. v. Chambers, 165 Ky., 703 and 736, authorizing the court, under certain circumstances, to reject the testimony of a witness, applicable to the facts of this case. The credibility of a witness being for the jury, courts are not authorized to reject his testimony and refuse to submit the case to the jury on the ground that the facts stated are highly improbable. It is only where the facts testified to are utterly at variance with well established and universally recognized physical laws and, therefore, inherently impossible, that courts may refuse to submit the case to the jury. We conclude that the trial court did not err in refusing the peremptory instruction asked for by defendant.

(2) However, a reversal must be ordered on another ground. The trial court's instructions authorized a recovery by plaintiff if the defendant's foreman caused or permitted the aligning bar to be loaded upon the hand car "in a careless and negligent manner." Under the well established rule in this State, a servant in an action for injuries not resulting in death cannot recover for the negligence of a superior working with him in the same department of labor, unless the negligence be gross. C. & O. Ry. Co. v. Laney, 154 Ky., 39; C. & O. Ry. Co. v. Marcum, 136 Ky., 245. As the instruction in

question did not come up to this requirement but authorized a recovery for the ordinary negligence of the foreman, it follows that it is erroneous.

Judgment reversed and cause remanded for a new trial consistent with this opinion.