# Louisville & Nashville Railroad Company v. Wilson.

(Decided May 9, 1912.)

## Appeal from Barren Circuit Court.

1. Master and Servant—Negligence—Evidence.—Where a boss orders a laborer to go to one end of a tobacco hogshead and move it in one direction and while the laborer is doing this, the boss and another laborer move the hogshead in the opposite direction so as to injure the laborer, there is sufficient evidence of negligence to take the case to the jury, the circumstances being such that the boss must have known that to move the hogshead as he did would be to endanger the other laborer.

2. Master and Servant—Negligence—Question for Jury.—When a servant is ordered to do a certain thing, he has a right to assume that the boss giving the order will not do anything to endanger him, and the question of contributory negligence on his part is for the jury.

3. Instructions.—When on a trial both parties ask instructions presenting the same view of the law of the case, neither can complain on an appeal, of an instruction presenting the view of the law which he asked himself.

PORTER & SANDIDGE, BENJAMIN D. WARFIELD and McQUOWN & BECKHAM for appellant.

BAIRD & RICHARDSON and BASIL RICHARDSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

Biner Wilson was a laborer in the service of the Louisville & Nashville Railroad Company at its depot in Glasgow, Kentucky, working as a freight handler under Bayless Hester. When they were loading a hogshead of tobacco in a car Hester directed Wilson to go to one end of the hogshead, which was near the side of the car, and move it out. Wilson, in obedience to his orders, put his arm between the end of the hogshead and the car, preparing to pull the end out, when Hester and another man cut the hogshead in the opposite direction, catching Wilson's arm between it and the end of the car. His arm was thus painfully mashed. He brought this suit to recover for his injuries. Upon the hearing of the case before the jury there was a verdict for him in the sum of $400. Judgment was entered on the verdict, and the railroad company appeals.

It is insisted that the jury should have been instruct-

ed peremptorily to find for the defendant on two grounds: (1) That there was no evidence of negligence on the part of the defendant; (2) that the plaintiff was himself guilty of contributory negligence. We do not see that either of these grounds can be sustained. If Hester directed Wilson to do what he was doing, and while Wilson was doing this Hester and the other man cut the hogshead in the opposite direction thus catching Wilson's arm, there was evidence of negligence on the part of the defendant sufficient to take the case to the jury; and when Hester had ordered Wilson to go to the other end of the hogshead and do a certain thing he could but have known from the circumstances that to cut the hogshead in the opposite direction would be to endanger Wilson. If Wilson was acting in obedience to Hester's orders, he was not required to anticipate that Hester would cut the hogshead in the opposite direction; and so whether he used ordinary care was a question for the jury.

It is also insisted that the verdict is palpably against the evidence; but we cannot say that it is. Wilson's evidence is supported to some extent by the circumstances and other testimony. The credibility of the witnesses is for the jury, and we cannot say that their verdict is so against the evidence as to indicate passion or prejudice.

Lastly, it is insisted that the court misinstructed the jury in that by the instructions to the jury he allowed the plaintiff to recover if there was negligence on the part of Hester. We have held in a number of cases that where the superior servant is working with the other servants there must be gross negligence on his part to warrant a recovery. I. C. Railroad Co. v. Colman, 22 R., 878; Board v. C. & O. Ry. Co., 24 R., 1079; I. C. Railroad Co. v. Elliott, 26 R., 670. But we have also held that the appellant cannot complain of an instruction which he himself asked, or where he offered an instruction of the same import as that complained of. L. & N. Railroad Co. v. Penrod, 24 R., 53; Gorman v. Louisville Ry. Co.. 24 R.. 1938: and cases cited. At the close of the trial the plaintiff and defendant each asked certain instructions in writing to be given by the jury. The court gave without change the instructions asked by the parties, so far as they were given. The instructions which the defendant asked and the instructions which the plaintiff asked were the same in import as to the negligence on the part of Hester that would warrant a

recovery. One of the instructions to the jury, given on the motion of the defendant, told the jury in substance that the plaintiff could recover for the failure of Hester to exercise ordinary care. The defendant cannot, therefore, here complain of an error of the court in instructing the jury, which it brought about itself, or ask a reversal for an instruction which it asked on the trial.

The judgment is affirmed.