## Spiegle, By et al. v. Cincinnati, New Orleans & Texas Pacific Railroad Company.

(Decided May 18, 1916.)

### Appeal from Lincoln Circuit Court.

1. Appeal and Error—Instructions—Issue Not Presented Upon Trial.—In a civil action it is not reversible error for the court to fail to instruct the jury upon an issue not presented by an offered instruction.

2. Trial—Instructions.—A party cannot complain of the giving of an instruction substantially the same as one offered by him.

3. Railroads—Private Crossings—Lookout Duty.—A railroad crossing in the country, not on a public road, across which gates upon either side inclose the right of way, and which is used only by two or three families for neighborhood travel and by not more than five persons a day on an average is a private and not a public crossing, in reference to which a lookout duty is not imposed upon train operatives.

4. Railroads—When Lookout Duty Not Imposed.—When trainmen see an object upon or dangerously near the track but cannot tell what it is and there is nothing in the surroundings imposing the duty upon them of knowing what it is, they do not have to check the speed of the train and proceed upon the assumption that the object may be a human being.

GEORGE D. FLORENCE, EMMETT PURYEAR, ROBERT HARDING, JOHN W. RAWLINGS and J. P. HOBSON & SON for appellants.

K. S. ALCORN and JOHN GALVIN for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This action was brought against appellee by Ives Spiegle, an infant, suing by her father, Harry Spiegle, as her next friend, to recover for personal injuries inflicted in June, 1913, alleged to have been caused by the negligence of appellee in running its train against and upon her.

The answer is a traverse of the petition, and upon a trial by a jury a verdict was returned in favor of appellee, and appellant's petition dismissed.

Only two grounds are presented for reversal: (1) That the court erred in refusing to give instruction "A" offered by appellant, and (2) in giving instructions one and four.

At the time of the accident complained of appellant was only nineteen months old. Her parents resided about one-half mile north of Waynesburg in Lincoln county, and about 150 yards west of appellee's railroad track. The mother left the appellant in the house one morning about seven-thirty, and went down a path leading from the house to a private crossing over the railroad, and thence to the other side of the track. After the mother had gone, the child in an evident effort to follow her, left the house, got through the gate leading to the railroad's right-of-way and was upon the railroad track at the crossing when a freight train approached from the south. There is a rather steep grade as the train approached the crossing until within about 400 yards of same, where the grade changes, forming a knuckle, as it is called in the evidence, which prevented the engineer and those on the train from seeing any one at the crossing until they reached this hill or knuckle, after passing over which the track is straight and the view unobstructed to the crossing.

The engineer in charge of this freight train testified that when he reached the top of the grade he saw an object ahead of him on the side of the track at the crossing, but that he was unable to distinguish what it was; that it looked to him like, and he believed it was, a piece of paper; that he continued to watch it and when within four or five car lengths of the object it moved and he discovered that it was a child; that he immediately applied the emergency brakes, blew the whistle and called to the fireman to hurry over the cab to see if he could not rescue the child; that he did everything possible to stop the train at once; that the equipment for stopping worked all right and he stopped the train as soon as it could have been done, but that before he was able to stop it the front part of the engine passed over the child.

The fireman gave practically the same testimony, and no other account is given of the accident; the only

controversy in the evidence being as to whether the engineer gave signals approaching the crossing.

The child lost three fingers on her left hand, but was not otherwise seriously injured.

The instruction offered by appellant and refused by the court, is as follows:

"Instruction A. You are instructed that it was the duty of the defendant company and its employes in charge of the engine of the freight train mentioned in evidence, in approaching the crossing described in this case with said train, to keep a lookout ahead for persons upon and using said crossing, and to stop said train, if necessary, to avoid injuring persons thereon, and if you believe from the evidence that 'defendant company and said employes on said engine knew, or by the use of ordinary care could have known, that the plaintiff, Ives Spiegle, was upon said crossing, and in a place of danger in time to have stopped said train and avoided injuring her, and failed to do so, and because of said failure to stop said train it ran upon and on to and injured her, then the law is for the plaintiff and you will find a verdict for her, and if you do not so believe from the evidence you will find for the defendant."

Instructions one and four given by the court to which appellant objected, are as follows:

"No. 1. You are instructed that it was the duty of the defendant company and its employes in charge of the engine of the freight train mentioned in evidence, in approaching the crossing described in this case with said train, to keep a lookout ahead for persons upon and using said crossing, and to use ordinary care to stop said train, if necessary, to avoid injuring persons thereon, and if you believe from the evidence that the defendant company and said employes on said engine knew, or by the use of ordinary care could have known that the plaintiff, Ives Spiegle, was upon said crossing and in a place of danger, and that she was a human being, in time to have stopped said train and avoided injuring her, and failed to do so, and because of said failure to stop said train it ran on to and upon and injured her, then the law is for the plaintiff and you will find a verdict for her, and if you do not so believe from the evidence you will find for the defendant."

"No. 4. If you believe from the evidence that the engineer while using ordinary care to look ahead for

persons upon and using said crossing could not have discovered the object which he saw upon the track to be a human being in time to have stopped said train by exercising ordinary care to stop the same and avoid striking the child, you will find for defendant.''

It will be noticed that the instruction offered by appellant and number one, given by the court, are almost identical and that there is no substantial difference between them. Appellant insists, however, that the instruction given by the court is, erroneous in that it did not submit to the jury the question of negligence in failing to sound signals at the approach to the crossing, and in failing to submit to the jury whether or not under the circumstances it was negligence in the engineer after seeing an object upon the track not to bring his train under such control that he could have stopped it before reaching the object if it turned out to be a human being.

Appellant did not offer instructions presenting either of these issues, and having failed to do so can not be heard to complain here as has been held over and again by this court. Wood v. Riggs, 152 Ky. 242; City of Louisville v. Knighton, 30 K. L. R. 1037; Swann-Day Lbr. Co. v. Thomas, 129 Ky. 799.

Then again, instruction number one given by the court is substantially the same in both form and substance as the instruction offered by appellant, and therefore she cannot complain of that instruction given by the court. Gorman's Admr. v. Louisville Ry. Co., 72 S. W. 760; L. & N. R. Co. v. Penrod, 66 S. W. 1013; L. & N. R. Co. v. Wilson, 148 Ky. 251; L. & N. R. Co. v. Woodford & Ireland, 152 Ky. 398.

The objection to the instructions that they did not submit the question of negligence in failing to give signals on approaching the crossing is without merit, and in so far as they charged appellee with a lookout duty in respect to the crossing in this case were more favorable to appellant than was authorized. The evidence shows that this was not a public crossing; that it was a private farm crossing with gates across it on either side of the track, inclosing the right-of-way; and the testimony of Harry Spiegle, father and next friend of appellant, is that the crossing, in his judgment, was not used by more than two or three families for neighborhood travel nor more than five persons daily upon an average. At such a crossing as this it has been uni-

formly held by this court that no duty of lookout exists. C. & O. v. Hunter, 170 Ky. 4; L. & N. R. Co. v. Engleman's Admr., 135 Ky. 515; Cahill v. C., N. O. & T. P. Ry. Co., 92 Ky. 345.

, Appellant cites authorities from other jurisdictions to the effect that it is the duty of an engineer in charge of a train, when he sees an object upon the track ahead of him in time to stop the train before reaching it, to slacken the speed and approach the object with the train under control, so that it may be stopped in time to prevent injury if the object turns out to be a human being. This, however, is not the rule in this State, as it has been repeatedly held by this court that where trainmen discover an object upon or dangerously near the track and cannot tell what it is and there is nothing in the surroundings to impose the duty upon them to know what it is, that the defendant does not have to check the speed of the train and proceed upon the assumption that the object may be a human being. C., N. O. & T. P. Ry. Co. v. Reynold's Admr., 102 S. W. 888; L. H. & St. L. R. Co. v. Hathaway's Extx., 121 Ky. 666; Goodman's Admr. v. L. & N. R. R. Co., 116 Ky. 900; Early's Admr. v. L., H. & St. L. R. Co., 115 Ky. 13.

The case of Becker v. L. & N. R. Co., 110 Ky. 474, cited by appellant, is not analogous to the case here. In that case there was evidence that the engineer saw children upon a bridge in ample time to have avoided injuring them but negligently failed to do so, believing the children had ample time to get off of the bridge. And while in the opinion in that case a statement is made in discussing the duties of the engineer that seems to support appellant's contention, it is a mere dictum, and as counsel for appellant conceded, has never been followed in this State

Another objection urged by appellant to both instructions one and four, is to the use of the phrase ''and that she was a human being,'' but we can see no merit in this objection as the duty to stop the train did not devolve upon the engineer until he discovered that Ives Spiegle was upon the crossing in a place of danger and, of course, he did not discover her until he discovered the object was a human being.

Perceiving no error in the trial of the case prejudicial to appellant, the judgment is affirmed.