## Louisville & Nashville Railroad Company v. Spicer's Admr.

(Decided February 24, 1920.)

### Appeal from Lee Circuit Court.

1. Railroads—Trespassers on Track—Lookout Duty.—Trainmen in charge of an engine do not owe a lookout duty to a trespasser on

the track in the country away from public crossings, but when a man is discovered on the track in front of the train in a helpless condition, or apparently oblivious to the threatened danger, it is the duty of the trainmen to exercise ordinary care by the use of means at hand to so control and manage the train as not to injure such person, and a failure to perform this duty renders the railroad company liable.

2.   Railroads—Duty of Engineer Upon Seeing Object on Track.—Where an engineer sees an object on the track in front of his train which he believes to be a man, it is his duty to immediately put his train under control, if the man does not appear to be conscious of his danger.

4.   Railroads—Operation—Duty of Conductor—Instructions.—Where the evidence is conflicting as to the distance at which the trainmen saw an object on the track in front of the train, and there is evidence conducing to prove that at the time the engineer saw the object on the track he gave a warning signal by a succession of shrill blasts from his engine, and these blasts were given at a time when the engine was at so great a distance from the man on the track as to have afforded a reasonable opportunity by the exercise of the means at hand, to have stopped the train before it reached the deceased, it was the duty of the trial court to submit the case to the jury, and if the jury believe from the evidence that the engineer saw the object on the track and realized it was a man in a helpless condition far enough away to have stopped the train by the exercise of ordinary care, and failed to do so, the railroad company was liable.

SAM HURST, G. W. GOURLEY and B. D. WARFIELD for appellant.

KELLY KASH, C. C. TURNER, EZART ASHCRAFT and J. M. McDANIEL for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Granville Spicer was killed by a passenger train of the Louisville & Nashville Railroad in Lee county, near Old Landing Station, in July, 1917. Shortly thereafter his administrator instituted this action against the railroad company to recover damages for the loss of his life, and on a trial the jury awarded the estate the sum of $6,000.00. Judgment being entered upon the verdict, the railroad company appeals.

The evidence shows without contradiction that appellees' decedent was lying in a helpless, drunken condition between the rails on the railroad track, and was run over and killed by a passenger train of appellant; that the train, after coming around a curve, was on a straight

track for about a quarter of a mile before coming in contact with the body of the deceased; that both the engineer and fireman in charge of the engine which pulled the train were looking ahead along the track for some three or four hundred yards before the train reached Spicer, and the engineer, seeing an object on the track, said to the fireman, "I believe that is a man," or "It is a man," but at what point the train was at the time this statement was made by the engineer is involved in much doubt because the evidence of these two witnesses is not clear. From part of their testimony it would appear that at the time they saw the object on the track and the engineer made this remark, the engine was some two or three hundred yards away from the object. But from other parts of the evidence it would seem that the engine was only about 150 feet away from the object at the time the engineer made this remark and began to put on the brakes. It satisfactorily appears that the engineer did not begin to put on the brakes until the engine was within 150 feet of the object. There is evidence in the record, however. tending strongly to show that the engineer gave a danger signal by shrill blasts from his engine several hundred feet before the engine reached Spicer, and the engineer and fireman both testified that these warning signals were given at the time they first discovered the object on the track to be a human. The only difference between the engineer and fireman and other witnesses upon this subject is that the former stated that the warning signals were not given until the train had come within about 150 feet of Spicer, while other witnesses who saw the unfortunate accident testified that the warning signals were given some two hundred yards or more away from Spicer The train was going at about thirty miles an hour and was stopped in about 450 feet. So that if when the engineer saw the object on the track and made the statement, "I believe that is a man" or "It is a man," he had applied the brakes and used such means as were reasonably within his reach to have avoided injury to Spicer, no injury would have occurred, if that discovery was made by the engineer and fireman at a point more than 450 feet before the train reached Spicer. If the evidence of certain witnesses introduced by appellee be accepted, the object on the track was discovered by the engineer and fireman to be a man more than 450 feet from the place of injury; but if we accept a part only of the evidence of the en-

gineer and fireman it seems that the discovery was made
only fifty yards distant from the object and, therefore,
the train was too close to have avoided injury to him by
the exercise of ordinary care on the part of the engineer.
and the railroad company would not be liable.

It being admitted by appellant company that those in
charge of the train could see an object on the track the
size of a human being for the distance of 350 or 400 yards:
and further that both the engineer and fireman were
keeping a lookout and had their eyes upon the track all
the time after they came into view of the object, and that
they did in fact see the object on the track two or three
hundred yards before they reached it, and that it did not
move or appear to have life, although it looked like the
body of a man, coupled with the evidence of witnesses for
the plaintiff tending strongly to prove that the warning
signal blasts from the whistle were sounded by the en-
gineer some two hundred or more yards before reaching
Spicer, the court did not err in submitting the case, for
the administrator had made out a *prima facie* case, and
this is the only question seriously made upon this ap-
peal.

Appellant railroad insists that the trial court should
have peremptorily instructed the jury to find and return
a verdict for it on the theory that there was not a scin-
tilla of evidence to prove that the engineer or fireman on
the engine saw the body of Spicer and realized that it
was a human being in time to have, by the exercise of
ordinary care, avoided injury to him. A motion by the
company for a directed verdict was overruled and of this
complaint is made.

We are of opinion that there was sufficient evidence,
though it is a close case, to have warranted the court in
submitting the case to the jury, and it was not error to
overrule appellant's motion for a directed verdict.

The railroad company owed to Spicer no lookout duty
because he was a trespasser, but when those in charge of
the train admit that they saw an object on the track in
front of the train which appeared to be a man lying be-
tween the rails, in a helpless condition, and there was evi-
dence tending to show that had the brakes been applied
by the engineer at the time he saw this object and believed
it a man, the train would have stopped before reaching
the    point    where    Spicer    lay,    a    *prima    facie*    case
was    established    and    the    company    was    liable    be-

cause it was the duty of such engineer, after discovering the peril of Spicer, to use every reasonable means at hand to avoid injury to Spicer. Although no lookout duty is imposed upon trainmen at a point on the track in the country away from public crossings, like the one under consideration, if a person is discovered on the track by such trainmen and the person appears to be oblivious to the threatened danger, it immediately becomes the duty of the trainmen to exercise ordinary care to protect the person from harm by the train; and if such trainmen fail to observe this duty, the company is liable.

The rule is well stated in the case of Tennessee Railroad Company v. Cook, 146 Ky. 372, where we said: "The law does not impose upon those in charge of railroad trains, the duty to keep a lookout for trespassers who may be upon the track in the country, away from public crossings, and hence in order to hold the company liable for the injury, plaintiff must show not that those in charge of the train were in position to see, but either that they did see or were in a position where they could not help but see the perilous position of the trespasser. The engineer or fireman might see a trespasser up the track ahead of them in the country, but they would be under no duty to him to stop the train until they saw that he was in a position of peril, i. e., that he did not know or realize that the train was approaching."

In the case of the Louisville Railroad Co. v. Bell, 32 R. 1312, 108 S. W. 335, not elsewhere reported, the question arose as to whether the engineer and those in charge of the train discovered the peril of a woman walking on the track in time to have avoided injury to her, and we said:

"It is impossible to show what the men (trainmen) saw in most cases, except by circumstances. The fact that the ralroad men were looking out at the window of the cab in the direction in which the plaintiff was on the trestle and sounded a warning whistle, coupled with the fact that she was in plain view of them, and with nothing to obstruct their view, is some evidence that they saw her. If they saw her on the trestle, they should have checked the speed of the train and not have sounded the alarm whistle at her."

There we declared that the verdict of the jury for the plaintiff was a finding that the men in charge of the train saw her peril, and after seeing it, failed to use ordinary care for her safety. So in this case, the trainmen testify

that they were looking ahead and saw an object on the track; that the engineer said to the fireman, "I believe that is a man," or "It is a man;" that the trainmen began to sound an alarm whistle as soon as they discovered the object to be a human being, and the testimony of other witnesses shows that the alarm whistle was sounded two hundred or more yards before the engine reached Spicer, and further that the train, though going about thirty miles an hour, could have been and was in fact stopped in about 150 yards, so that Spicer's life might have been saved had the trainmen reasonably employed the means at hand to stop the train after seeing the object on the track and believing it to be a man. Although the engineer did not know the object was a human being, yet if it looked like a man and the engineer believed it to be a man, he was under the same duty as if he had known it to be a man. The jury was the judge of the credibility of the witnesses and had the right to accept the evidence of plaintiff and reject that of the defendant if it believed the one and disbelieved the other, and its verdict in this case, as in the Bell case, was a finding that the trainmen not only saw the object on the track in time to have avoided striking it, but that such trainmen realized that such said object was a human being in time to have avoided striking it by the train, but failed to do so.

Entertaining these views, we are of the opinion that the trial court did not err in refusing to direct the jury to find and return a verdict for the defendant company.

Appellants complain that the instructions given the jury are erroneous, but this is chiefly for the reason that a peremptory instruction was not given. We have examined with care the instructions given by the court and they are as favorable to appellant company as the law warranted.

It is complained by appellant that incompetent evidence was admitted upon the trial in this, that the plaintiff was allowed to show at what distance a person on the engine of the train which struck Spicer could have seen his body on the track before reaching it. This evidence was competent, because the engineer and fireman testify that they had their eyes on the track, keeping a lookout, and did in fact see an object between the rails some distance before they reached it. The evidence of which complaint is made materially assisted the jury in determining whether the engineer and fireman, who claim to have been at their place of duty and keeping a lookout and had their

eyes on the track for a quarter of a mile or more, could have seen and realized that the object was a man.

No error to the prejudice of appellant appearing, the judgment is affirmed.