## Louisville & Nashville Railroad Company v. Eversole's Administratrix.

(Decided March 23, 1923.)

### Appeal from Laurel Circuit Court.

1. Railroads—Need not Warn Person Using Tracks by Permission.— Permission by an employee of a railroad company to another person to use the railroad tracks for the purpose of reaching a spring on the railroad right of way, though it relieves the person using the tracks from being a trespasser, gives him no greater rights than one who is injured at a private farm crossing, and the company owes him no duty to maintain a lookout, or to give notice of the approach of its trains.

2. Railroads—Pedestrian Using Tracks to Reach Spring Held not a Licensee.—Permission by a track supervisor of a railroad company to use a spring on the company's right of way, does not give permission to use the railroad track to reach the spring, so as to make persons using it licensees, unless it was further shown that the track was habitually used by the public in such large numbers that the presence of persons on the track should have been anticipated, regardless of whether the supervisor had authority to grant such permission.

3. Railroads—Failure to Give Signals for Public Crossing not Negligence as to Pedestrian on Track 1,000 Feet Therefrom.—The failure of the operators of a railroad train to give the signals for a public crossing is not negligence as to one who was walking along the track at a point almost 1,000 feet away from the crossing.

BENJAMIN D. WARFIELD, GEORGE G. BROCK and H. J. JOHNSON for appellant.

H. C. CLAY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is an appeal from a judgment for $6,000.00 in favor of W. M. Eversole's administratrix.

The only question we deem it necessary to consider is whether appellant's motion for a peremptory instruction should have been sustained.

Eversole owned a store at Hazelpatch in Laurel county. Opposite the store is the station. Hazelpatch is a small settlement and only eight or ten families live there. Fifty-one feet south of the store is a public crossing. About 1,250 feet north of the store is a small spring on the railroad right of way. On the evening of September 2, 1920, Eversole was struck and killed by one of appellant's freight trains. The accident occurred at a

point about 975 feet north of the crossing, 924 feet north of the. depot and 329 feet south of the spring. There was evidence that Eversole and his family had been getting their water from the spring, and that once in a while others living in that vicinity went to the spring for the same purpose. There was further evidence that the track supervisor, whose authority was denied by appellant, gave them permission to clean the spring out, and that the only way to get to the spring from the station was along the railroad track. It was also shown that the train was running at a high rate of speed, and that no warning of its approach was given. The grounds on which it is insisted the case was properly submitted to the jury are that Eversole, in going to or returning from the spring, was a licensee to whom precautionary duties were owing, and that he was also entitled to rely on the signals which the statute required to be given for the public crossing at the station. In our opinion neither of these contentions is sound. Even if it be conceded that the track supervisor had authority to give the Eversole family the right to clean out and use the spring, and this right carried with it the further right to use the railroad track in going to and from the spring, the case would be no stronger than that of one who is injured at a private farm crossing. Though technically not a trespasser, the company owed him no duty to maintain a lookout or to give notice of the approach of its trains, where the crossing is used by only a few people each day. Spiegle v. C. N. O. & T. P. R. R. Co., 170 Ky. 285, 185 S. W. 1138. But the only evidence on the question is that the track supervisor had no authority to give any one the right to use the spring, and even if he had, such permission would not carry with it the additional right to use the railroad tracks for that purpose, and convert those who used the tracks into licensees to whom precautionary duties were owing, unless it was further shown that the track between the station and the spring was habitually used by the public in such large numbers that the presence of persons on the track should have been anticipated, L. & N. R. R. Co. v. Banks' Admr., 195 Ky. 804, 243 S. W. 1018, and no such showing was made. Clearly, the failure to give the signals for a public crossing is not negligence as to one who is walking along the track at a point almost one thousand feet away. Shackelford's Admr. v. L. & N. R. R. Co., 84 Ky. 43, 4 A. S. R. 189; Davis' Admr. v. C. & O. Ry. Co., 75 S. W.

275; L. & N. R. R. Co. v. Vittitoe's Admr., 41 S. W. 269. It follows that the court should have directed a verdict in favor of appellant.

Judgment reversed and cause remanded for proceedings consistent with this opinion.