## Davis, Director General of Railroads v. Crawford's Administratrix.

(Decided May 6, 1924.)

Appeal from Breathitt Circuit Court.

1. Railroads—One Sitting or Lying on Railroad Track Trespasser.—
One either sitting or lying on a railroad track is a trespasser, regardless of location, and those in charge of train have no duty

except to use ordinary care to protect him from injury after discovering his peril. ·

2.  Railroads—Evidence of Negligence as to Person Lying on Track Insufficient for Jury.—In action for death of person lying on track held, that there was no evidence that would warrant a finding that train crew were negligent, evidence showing accident occurred at "dusk," when atmosphere was hazy, and jury should have been peremptorily instructed for defendant.

B. D. WARFIELD, O. H. POLLARD, CHARLES S. LANDRUM and HUNT, NORTHCUTT & BUSH for appellant.

KASH & BACH and J. MOTT McDANIEL for appellee.

OPINION OF THE COURT BY SANDIDGE, COMMISSIONER— Reversing.

This is an appeal by James C. Davis, Director General of Railroads, as agent under section 206, of the Transportation Act, from a judgment for $3,000.00 rendered against him by the Breathitt circuit court in favor of Armelda Crawford, administratrix of the estate of D. B. Crawford, deceased. The action was brought by the administratrix to recover for the death of her intestate which it was alleged was caused by the negligent and careless operation of one of the trains of the L. & N. Railroad Company while in the hands of the Director General, under the Transportation Act.

The only testimony in the record as to how D. B. Crawford met his death was given by the witnesses, F. J. Farler, introduced for the plaintiff below, and B. M. Burns, introduced by the defendant below. Farler was the head brakeman and Burns the engineer of the train that ran over and killed Crawford. The accident occurred on the 31st day of October, 1918, between sundown and dark, at the time of day designated as "dusk" by most of the witnesses, and between 5:10 and 5:15 o'clock, according to the testimony of engineer Burns. Crawford was first seen by the witnesses, Farler and Burns, lying between the rails on the track and their attention was first attracted to him by his raising his head looking toward the approaching train. The engine was then within three (3) car lengths, from 108 to 114 feet, of his body. The train consisted of a large type 90 foot engine and 40 loaded freight cars and was traveling on a slightly down grade at a rate of approximately 25 miles an hour. The track at the point where appellant was struck was straight for approximately a quarter of a mile in the di-

rection from which the train had come.   Farler, the witness for appellee, testified that just as he saw the body lying on the track he perceived that the air brakes had been applied.   Burns, the engineer, and witness for appellant, testified that the instant he saw the body lying on the track he applied the emergency brakes, bringing the train to a stop as quickly as possible.   Crawford's body, cut in two, was found under the tenth car when the train was brought to a standstill.   No evidence was introduced that this train could have been stopped in any shorter distance.   On the other hand, appellant proved that four hundred to four hundred and fifty feet was the shortest distance in which a train of the size and weight of the train in question, traveling at the rate of speed it was shown to have been traveling, could have been stopped by the use of the most approved and highest developed apparatus in use for the purpose.   This accident occurred at the farm crossing of deceased, he owning the lands on both sides of the railroad right of way for some distance in either direction from the place where the accident occurred.   Deceased was shown to have been drunk the afternoon he was killed, which probably accounts for his unfortunate selection of the railroad track as a bed.

The several reasons urged by appellant for a reversal may be merged and considered together by finding whether or not the court below erred in refusing appellant's motion for a peremptory instruction at the close of appellee's testimony and at the close of all of the testimony heard in the case.

No principle of law is better established in this jurisdiction than that one either sitting or lying upon a railroad track is held to be a trespasser, regardless of location, and that those in charge of a train owe him no duty except to use ordinary care to protect him from injury after discovering his peril.   In the very recent opinion of this court in the case of Lee's Admr. v. Hines, Director General of Railroads, 202 Ky. 240, this question is exhaustively dealt with and the authorities collated and commented upon.   See also Cornett's Admr. v. L. & N. R. R. Co., 181 Ky. 132, 203 S. W. 1054; L. & N. R. R. Co. v. Weiser's Admr., 164 Ky. 23, 174 S. W. 734; Bevins' Admr. v. C. & O. Ry. Co. and Schump, 190 Ky. 501, 227 S. W. 794; L. & N. R. R. Co. v. Smith's Admr., 216 S. W. 1063; C. N. O. & T. P. R. Co. v. Mayfield's Admr., 145 Ky. 395, 140 S. W. 310; Lyons' Admr. v. I. C. R. R. Co.,

59 S. W. 507, 22 Ky., Law Rep. 1032; L. & N. R. R. Co. v. Bays' Admr., 142 Ky. 407, 134 S. W. 450, 34 L. R. A. (N. S.) 678.

When we examine the facts of the case now under consideration, in the light of the foregoing general rule and the authorities supporting it, we are forced to conclude that there was no evidence tending to show that those in charge of the train that ran over and killed D. B. Crawford failed to use any of the means at their command to prevent injury to him after his peril was discovered. A number of cases are cited by appellee's brief as sustaining the action of the court below in submitting this case to the jury, especially the cases L. & N. R. R. Co. v. Spicer's Admr., 187 Ky. 601, 219 S. W. 1047; and Tennessee Ry. Co. v. Cook, 146 Ky. 372, 142 S. W. 683. However, we find that in each of the cases so cited the submission of the question to the jury was warranted because it was held that testimony was introduced tending to establish that those operating the train discovered the peril of the trespasser in time to prevent injury to him by the exercise of ordinary care. Without exception, in those cases, evidence was produced which tended to show that and which authorized the submission of the question to the jury as to whether or not the peril of the trespasser was discovered in time to prevent the injury. Such state of facts does not exist in this case. The accident occurred at a time in the evening described as "dusk" by most of the witnesses and between 5:10 and 5:15 o'clock. The engineer testified that the atmosphere was hazy and that at that particular time of the day between daylight and dark there is not sufficient natural light with which to see clearly and that the light from the headlight is then least effective. Only two witnesses testified as to the time when the trespasser's peril was first discovered and the distance the train then was from him. They both swore that the engine was then within 108 to 114 feet of him. Although he instantly applied the emergency brakes, as the engineer forcefully expressed it, "if it had been my father I could not have stopped it (the train) any quicker." No witness swore that the train could have been stopped within the distance from where it was when Crawford's peril was first discovered and the point where he lay. On the contrary it was proved by a number of witnesses for appellant that 400 to 450 feet was the shortest distance in which a train of the size and weight of the train in question, traveling at

the rate of speed it was shown to have been traveling, could have been stopped by the use of the most approved and highest developed apparatus in use for that purpose. It would have had to be stopped in 108 to 114 feet to prevent the death of Crawford.

It is argued for appellee that the whistle should have been blown or the bell rung to warn the trespasser of his danger. The evidence in the record is that the trespasser first attracted the attention of the engineer and head brakeman by raising his head facing toward the onrushing train. According to the uncontradicted testimony as to the distance from the train to the trespasser, when his peril was discovered and the rate at which the train was traveling, no warning that could have been given at that time could have served to arouse the trespasser to a realization of his danger in time for him to clear the track and remove himself from his position of danger. If, instead of applying the emergency brakes, the engineer had consumed a portion of the exceedingly small period of time at his disposal in blowing the whistle, appellee would now be contending that in that particular he was negligent.

After a careful consideration of all the testimony introduced upon the trial of this case, we have reached the conclusion that there is not a scintilla of evidence that those in charge of the train in question failed to use any of the means at their command to prevent the death of Crawford after his peril was discovered, or that anything they then could have done would have saved his life. Hence, the court below should have peremptorily instructed the jury to find for appellant.

The judgment is reversed and this cause remanded for further proceedings consistent herewith.