**LOUISVILLE & NASHVILLE RAILROAD COMPANY, Appellant,**

v.

**Ray E. HOWARD'S ADMINISTRATOR (Calvin Romine), Appellee.**

Court of Appeals of Kentucky.

March 15, 1957.

Rehearing Denied Oct. 18, 1957.

C. E. Rice, Jr., C. S. Landrum, Lexington, Henry L. Bryant, Pineville, J. C. Baker, Harlan, for appellant.

G. E. Reams, Harlan, for appellee.

MOREMEN, Judge.

This is an appeal from a judgment which awarded to the administrator of the estate of Ray E. Howard the sum of $20,000 for damages resulting from his death. Howard was killed by a diesel engine freight train which belonged to appellant, Louisville & Nashville Railroad Company.

On the morning of August 16, 1954, Howard, who worked for the appellant company and lived in one of its section houses located near and facing the main line of the railroad, left his residence with his wife and went to a nearby grocery store in Baxter. He shopped with his wife and then they separated. Mrs. Howard returned to her home.

What Howard did the balance of the day is not shown in the record. After night had fallen he met an acquaintance, Eugene Freeman, who testified that he met Howard in

Baxter near the trestle which led across the Cumberland River at a point not far from the railroad track and the place where the accident occurred.

Freeman testified: "I walked up and started talking to him. I talked to him about ten minutes. He turned and started to walk away. I seen his condition and everything like that. He started across the railroad. He fell. I told him, 'Ray, it's about time for that train, you better not go across the trestle.' He said 'Yes, I am going across the trestle, I am going home.' I watched him get off on the other side." This witness further explained that Howard fell beside the depot but refused to state whether or not he was under the influence of intoxicating liquor. He said, "Seems like something was wrong with him," and he offered to assist Howard across the trestle.

The accident occurred at the Baxter crossing at about 10 p. m. and at a point where the double tracks of appellant's railroad run north and south and the approach to the crossing from the south is straight for about 1,000 feet. The appellant's train, which approached from the south, was pulling eighty loaded cars and two empty ones and was traveling at a rate of about ten to twelve miles per hour.

There were only three eyewitnesses to the accident. The first, Bird Hensley, drove up to the Baxter crossing and stopped his automobile for the train to pass. He was approximately thirty feet from the deceased when he first observed him on the track. He testified that Howard was twelve to fifteen feet south of the paved portion of the road and was on the track being used by the approaching train. Howard's position was "about in a half crouch or bent over like he was sitting down. His left arm was extended as if shielding his eyes from the headlight." In answer to a question as to whether Howard had made any effort to get off the track, he replied: "No, sir, he didn't, not any more than he was just twisting around there on the track. He had some movement. I couldn't tell whether he

was trying to sit down or been down and was trying to get up or trying to get over the rails."

The remaining eyewitnesses were employees of the railroad company and told of the operation of the train at that time. The engineer was in his regular position on the right-hand side of the diesel engine cabin; the fireman and head brakeman were on the other side of the cabin. The engineer's attention was directed toward a block signal in front of him which he was required to obey. The fireman and the brakeman were keeping a lookout ahead for objects on or traffic over the tracks. Both the fireman and the brakeman testified that they were approximately 225 feet from the point of the accident when they first observed an object on the track. It appeared to them to be a pasteboard box or brush on the track. They were within about 100 feet from the object when they first determined that it was human and that a man was lying on his right arm and holding his hand erect. Immediately upon realization that a man was lying between the tracks, they shouted to the engineer who released the whistle he was blowing and applied the emergency brake. The train stopped within a distance of about 145 feet but it was too late to avoid the catastrophe. Howard was found lying under the middle of the third car and between the two rails. He died a few minutes later.

The appellee based his suit for damages upon the theory that the deceased was a licensee upon the tracks and that the railroad failed to exercise the duty required of it towards a licensee. The railroad company contends that Howard was a trespasser but, even if he were a licensee, he was guilty of contributory negligence as a matter of law and a verdict should have been directed for appellant and, failing in directing the verdict, the court should have granted a judgment notwithstanding the verdict.

■■■ We have held that where there exists a license to the public to go upon or

across railroad tracks, a railroad is bound to use reasonable care to avoid injury to those whose presence may be reasonably anticipated. This duty is to keep a lookout ahead, travel at a reasonable rate of speed, give timely warning of approach, and generally to use ordinary care to avoid injuring anyone. Pence's Adm'r v. Louisville & N. R. Co., 265 Ky. 277, 96 S.W.2d 765.

■■ We have said that a railroad does not owe the same duty to trespassers upon its tracks. We follow the "discovered peril" doctrine in regard to them and place upon the railroad only the duty to use ordinary care in order to avoid injuring a trespasser after his peril is discovered. Louisville & N. R. Co. v. Pennington's Adm'r, 278 Ky. 436, 128 S.W.2d 934. Usually determination of whether a person is a licensee or a trespasser involves a determination of whether, by either grant or usage, the person has a right to cross a particular portion of a railroad track.

We also have another line of cases indicating that although a person may have a right to cross a track at a particular point under license from the railroad, the right is confined to the single purpose for which it was granted, to wit: for movement across the right-of-way.

The extent of the licensee's privilege was defined in Louisville & N. R. Co. v. Byrge's Adm'x, 273 Ky. 570, 117 S.W.2d 585, 586. It was said:

"It is an established doctrine in this jurisdiction that, regardless of the location, one lying or sitting upon a railroad track will be treated as a trespasser to whom employees of the company in charge of a train owe no duty of lookout, warning, or control, or other care, except to use ordinary care to avoid injuring him after the discovery of his peril. Lee's Adm'r v. Hines, 202 Ky. 240, 259 S.W. 338; Davis v. Crawford's Adm'x, 203 Ky. 71, 261 S.W. 835; Spiegle v. Cincin-

nati, N. O. & T. P. Ry. Co., 170 Ky. 285, 185 S.W. 1138."

■ It is the undisputed testimony of the eyewitnesses that deceased was in a half-crouch or bent-over position like he was sitting down or was lying flat between the rails, or was prone, just prior to the impact. He was therefore a trespasser. It was the duty of the railroad trainmen, upon discovering him, to exercise ordinary care to use all means at their command to avoid injuring him. This they did.

Appellee relies heavily upon Louisville & I. Ry. Co. v. Pulliam's Adm'x, 259 Ky. 82, 82 S.W.2d 191, to support his position that decedent, Howard, was not a trespasser upon the track and the case should have been submitted to the jury on the question of whether the trainmen in the exercise of ordinary care should have seen Howard upon the track in time to stop the train. The facts in the Pulliam case are quite different. There, it was shown that Pulliam had been knocked upon the track by an automobile and lay there in a dazed and helpless condition when he was struck by the railway car. The court held in effect that Pulliam was not a trespasser, nor was he contributorily negligent as a matter of law, and the case should have been submitted to the jury under an instruction appropriate in cases where a licensee is on the track. However, there are many phases of this case which are difficult to understand and it has not been followed by more recent cases. See: Louisville & N. R. Co. v. Byrge's Adm'r, 273 Ky. 570, 117 S.W.2d 585; Louisville & N. R. Co. v. Pennington's Adm'r, 278 Ky. 436, 128 S.W.2d 934; Cincinnati, N. O. & T. P. Ry. Co. v. King's Adm'x, 292 Ky. 457, 166 S.W.2d 975.

■ The evidence discloses that the train crew, in this case, on discovering a man's body upon the track immediately did everything possible to avoid his injury. There was no showing that appellant was guilty of any negligence. Upon appellee's failure to prove negligence, there was no

issue for a jury to decide. A peremptory instruction in favor of appellant should have been given and its motion for a judgment notwithstanding the verdict should have been sustained.

The judgment is therefore reversed for the entry of a judgment in conformity with this opinion.